UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AMERICAN EUROPEAN INSURANCE CO.,

|  |  |
|---|---|
| **Plaintiff,** | **REPORT AND RECOMMENDATION** |
| **-against-** | **19-CV-6851 (EK) (RLM)** |

TIRADO IRON WORKS AND FENCE, INC., *et al.*,

**Defendants.**
------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff American European Insurance Co. ("AEIC" or "plaintiff") brings this diversity action for a declaratory judgment that it has no obligation to defend or indemnify any party for claims asserted by defendant Abraham Romero ("Romero") in a separate state court action; Romero claims in that lawsuit that he was injured while unloading construction materials in the scope of his employment for the insured, defendant Tirado Iron Works and Fence, Inc. ("Tirado"). See generally Complaint (Dec. 5, 2019) ("Compl."), Electronic Case Filing ("ECF") Docket Entry ("DE") #1. Plaintiff filed this federal action on December 5, 2019, against Romero and Tirado, as well as against Katherine Ochoa ("Ochoa"), Yeshivah of Flatbush LLC ("Yeshivah"), and ICS Builders ("ICS"). See id. at 1-2. Yeshivah and ICS, the only defendants to have appeared in this action, have settled with plaintiff and have been dismissed from the case.[1] Having failed to answer or otherwise defend this case, the remaining

---

[1] On April 29, 2021, plaintiff, Yeshivah, and ICS filed a revised stipulation of settlement with this Court, in which these parties stipulate that plaintiff has no duty to defend or indemnify any party for the claims asserted in the underlying state court action, and that plaintiff agrees to dismiss all claims against Yeshivah and ICS in the instant federal action. See generally Revised Stipulation of Settlement as to Yeshivah and ICS (Apr. 29, 2021), DE #31. Subsequently, on May 7, 2021, Judge Eric R. Komitee entered an order dismissing Yeshivah and ICS from the case. See Order (May 7, 2021).

defendants—Tirado, Romero, and Ochoa—defaulted, as noted by the Clerk of the Court on September 11, 2020.  See Clerk's Entry of Default (Sept. 11, 2020) ("Entry of Default"), DE #23.

Currently pending before this Court, on a referral from the Honorable Eric R. Komitee, is plaintiff's motion for default judgment against Tirado, Ochoa, and Romero (collectively, "defendants").  See Motion for Default Judgment (May 10, 2021) ("Pl. Mot."), DE #33; Order Referring Motion (May 11, 2021).[2]  For the reasons set forth below, the Court respectfully recommends that the District Court grant plaintiff's motion for default judgment.

## BACKGROUND

Plaintiff is an insurance provider based in Cherry Hill, New Jersey.  See Compl. ¶ 1. Tirado is a construction and fencing company, with its principal place of business located in Brooklyn, New York.  See id. ¶ 2.  On January 20, 2017, plaintiff and Tirado entered into a general liability insurance agreement (the "Policy"), for the one-year period until January 20, 2018, whereby plaintiff agreed to defend and indemnify Tirado for bodily injury and property

---

[2] Despite having been filed as a motion for default judgment on ECF, plaintiff's submission requests that the Court grant summary judgment in plaintiff's favor.  See Pl. Mot. at 1; Memorandum of Law in Support of Plaintiff's Motion (May 10, 2021) ("Pl. Mem.") at 1, DE #33-12.  Nevertheless, plaintiff's memorandum of law cites only the legal standard for default judgment in support of plaintiff's request for declaratory judgment.  See Pl. Mem. at 5-7.

Moreover, the Court notes that where a default has been entered, the standard for summary judgment is applied only under certain circumstances, such as where the Court is presented with "records that resolve the merits or command judicial deference[.]"  New York City & Vicinity Dist. Council of Carpenters v. J.M.R. Concrete Corp., 16-CV-711 (ENV) (ST), 2018 WL 2078476, at *4 (E.D.N.Y. Feb. 26, 2018) (applying the summary judgment standard in the context of a request to confirm an arbitration award, despite the petitioner's request for default judgment, due the preexisting arbitration record and award issued by another adjudicatory body).  Here, no such record of adjudication on the merits has been presented and defendants have failed to appear.  In addition, as discussed hereinafter, a district court may award declaratory relief at the default judgment stage.  See PHL Variable Ins. Co. v. Bimbo, 17-CV-1290 (FB) (ST), 2018 WL 4691222, at *2 (E.D.N.Y. Aug. 30, 2018), adopted, 2018 WL 4689580 (E.D.N.Y. Sep. 28, 2018).  The Court therefore treats the instant motion as one for default judgment and attributes plaintiff's references to summary judgment—made without explanation or legal support—as scrivener's errors.

damage, subject to certain limitations and exclusions. See generally AEIC Commercial

General Liability Insurance Policy ("AEIC Policy"), DE #33-11; see also Pl. Mem. at 2;

Compl. ¶ 15. ICS is a New York construction company that was hired as the general

contractor for a school expansion project (the "Project") for Yeshivah, a private school located

at 1601 Avenue J, Brooklyn, New York. See Pl. Mem. at 2-3; Affidavit of David Johnson,

AEIC Claims Examiner ("Johnson Aff.") ¶ 11, DE #33-4; AEIC's May 25, 2018 Letter to

Tirado ("5/25/18 Letter") at 1, DE #33-6. In turn, ICS hired Tirado to perform

subcontracting work on the Project. See Pl. Mem. at 3; ICS-Tirado Subcontractor Agreement

("ICS-Tirado Contract") DE #33-5 at 26.[3] Pursuant to their agreement, ICS required Tirado

to obtain liability insurance that included coverage for ICS and Yeshivah as additional

insureds. See ICS-Tirado Contract ¶ 15, DE #33-5; Johnson Aff. ¶ 26, DE #33-4.

Thereafter, on December 22, 2017, one of Tirado's employees, Romero, allegedly

sustained bodily injury while "performing construction, renovation, and/or demolition work"

on the Project. Romero/Ochoa Verified Complaint ("Romero Compl.") ¶ 5, DE #33-7;[4] see

Pl. Mem. at 3; Johnson Aff. ¶ 10, DE #33-4. Specifically, Romero was unloading

construction materials from an iron truck, when he fell from the truck onto the sidewalk,

thereby sustaining multiple injuries, including a traumatic brain injury. See Pl. Mem. at 3;

---

[3] The ICS-Tirado Contract is included in DE #33-5, beginning on what the ECF system has designated as page 26 of the submission. All citations that include numbers following the corresponding docket entry (DE #) refer to pages imprinted by the ECF system, as opposed to internal page numbers.

[4] The Romero Complaint is included as part of the March 19, 2019 Re-Tender Letter, DE #33-7, on what the ECF system has designated as page 10 of the submission.

Johnson Aff. ¶ 7, DE #33-4; Compl. ¶¶ 11-13; Romero Verified Bill of Particulars ("Romero BOP") ¶¶ 5-6, 16-17, DE #33-3.[5]

Plaintiff was first notified of the aforementioned incident on May 23, 2018, when it received an incident report and a tender letter (dated April 25, 2018) from Network Adjusters, Inc. ("Network")—the third-party claim administrator for U.S. Specialty Insurance Company, which is the insurance provider for ICS.[6] See Johnson Aff. ¶ 12, DE# 33-4; Pl. Mem. at 3. In response, plaintiff sent a letter to Tirado on May 25, 2018, disclaiming coverage for "the contractual liability claim being asserted by ICS Builders Inc. and its insurer US Specialty Insurance Company[.]" 5/25/18 Letter at 1-2, DE #33-6; see also Pl. Mem. at 3.

On March 5, 2019, Romero and his wife, Ochoa, filed the underlying action against Yeshivah and ICS in New York state court, titled Abraham Romero and Katherine Ochoa v. Yeshivah of Flatbush LLC and ICS Builders, Inc., alleging negligence and violations of several sections of the New York Labor Law. See Romero Compl. ¶¶ 16-31, DE #33-7. On August 22, 2019, Yeshiva and ICS filed an amended third-party complaint against Tirado in the same action,[7] alleging contractual indemnity, breach of contract, common-law indemnification, and contribution. See Amended Third-Party Complaint ("Am. Third-Party Compl.") ¶¶ 8-22, DE #33-3. All of these claims are currently pending in the Kings County

---

[5] Romero's Bill of Particulars is included in DE #33-3, as Attachment B to Yeshivah and ISC's Amended Third-Party Complaint, and begins on what has been designated as page 8 by the ECF system.

[6] The initial letter and incident report identified another Tirado employee, Oswaldo Quandurga, as the injured party. See Notice of Occurrence/Claim and Incident Report ("Notice and Report") at 1-3, DE #33-5; Johnson Aff. ¶ 13, DE #33-4; Pl. Mem. at 3. After conducting its own investigation, plaintiff determined that Mr. Quandurga had been incorrectly identified and that Romero was, in fact, the injured party. See Johnson Aff. ¶¶ 13-14, DE #33-4; Pl. Mem. at 3.

[7] Yeshivah and ICS filed their original Third-Party Complaint on May 20, 2019. See Yeshivah and ICS Third-Party Complaint, DE #33-2.

Supreme Court, Index No. 504766/2019 (collectively, the "Romero Action"). See Pl. Mem. at 1.

On March 19, 2019, following the commencement of the Romero Action, plaintiff received a re-tender letter from Network, seeking defense and indemnification on behalf of ICS and Yeshivah relating to the bodily injury sustained by Romero. See id. at 3-4; Network's March 19, 2019 Re-Tender Letter to AEIC ("3/19/19 Letter"), DE #33-7 at 52-53. On April 1, 2019, plaintiff received an additional letter from counsel for ICS requesting defense, indemnification, and additional insured coverage relating to the incident in question. See Pl. Mem. at 4; Black, Marjieh & Sandford LLP's April 1, 2019 Letter to AEIC at 1-2, DE #33-8. Counsel for plaintiff sent another letter denying coverage and disclaiming plaintiff's duty to indemnify or defend, on April 11, 2019, and, again, on June 25, 2019. See AEIC Counsel's April 11, 2019 Letter to Tirado at 9-10, DE #33-9; AEIC Counsel's June 25, 2019 Letter to Tirado at 10-11, DE #33-10.

On December 5, 2019, plaintiff filed its Complaint in the instant federal action, seeking relief against defendants in the form of a declaratory judgment that it has no duty to defend or indemnify any party in the Romero Action for claims arising out of the injuries sustained by Romero on December 22, 2017.[8] See Compl. ¶ 27 & *ad damnum* clause. Plaintiff served

---

[8] Plaintiff has demonstrated that the Court has diversity subject matter jurisdiction. See 28 U.S.C. § 1332. There is complete diversity between plaintiff (a citizen of New Jersey) and defendants (all of whom are citizens of New York). See Compl. ¶¶ 1-6. The policy limit here is $1,000,000 per occurrence, see AEIC Policy at 2, DE #33-11, and "[t]hus, the issue here is whether there is a 'reasonable probability' that the value of the object of the litigation—that is, [the] alleged duty to defend and indemnify against the underlying claim—has a value exceeding $75,000." Waiting Room Solutions v. Excelsior Ins. Co., No. 19-CV-7978 (CS), 2020 WL 5505386, at *6 (S.D.N.Y. Sept. 9, 2020) (citation omitted); see Scottsdale Ins. Co. v. Top Grade Excavating N.Y., 20 Civ. 3510 (ENV) (VMS), 2021 U.S. Dist. LEXIS 153193, at *18-19 (E.D.N.Y. Aug. 13, 2021). Here, Romero's Bill of Particulars in the Romero Action lists a series of severe and permanent injuries, including but not limited to a skull fracture and epidural hematoma, requiring a craniotomy and resulting in a traumatic brain injury of a permanent nature and a cognitive impairment rendering Romero unable to work; multiple fractures of the ribs,

each defendant herein with a copy of the Summons and Complaint in late December 2019. See Summons Returned Executed (Dec. 27, 2019), DE #11, DE #14, DE #15. Romero, Ochoa, and Tirado failed to answer or otherwise appear, and, on September 11, 2020, the Clerk of Court entered a notation of default. See Entry of Default.

On May 10, 2021, after dismissing the claims against Yeshivah and ICS, the two appearing defendants, see *supra* note 1, plaintiff filed the instant motion for default judgment, and accompanying memorandum, arguing that it is entitled to a declaratory judgment because several provisions of the Policy at issue categorically preclude its liability here,[9] see Pl. Mot. at 1-2; Pl. Mem. at 1-2. First, plaintiff asserts that the Policy provision titled "Exclusion of Injury to Employees, Contractors and Employees of Contractors," bars liability, as it is uncontested that Romero was injured while working for Tirado on the Project. See Pl. Mem. at 9-13. Further, plaintiff argues that it owes no duty to indemnify or defend any party in connection with the Romero Action because the Policy's "Aircraft, Auto or Watercraft" exclusion precludes liability for personal injuries sustained while loading or unloading an automobile. See id. at 13-19. Finally, plaintiff asserts that the Policy exclusion for contractual liability similarly serves to "bar[] coverage to all parties seeking coverage and indemnification under the Policy as to the Romero Action." Id. at 19-20.

Following the referral of the motion to this magistrate judge, this Court ordered defendants to show cause why the relief requested in plaintiff's motion for default judgment

---

right shoulder, and face; various torn tendons of the right shoulder; and severe emotional trauma. See Romero BOP ¶ 16, DE #33-3 at 13-15. The claimed injuries plainly establish a "reasonable probability" that the alleged duty to defend and indemnify with respect to the Romero Action has a value exceeding $75,000.

[9] While plaintiff's Complaint also requests attorneys' fees, disbursement, and costs, see Compl. *ad damnum* clause, plaintiff's motion and memorandum request only that the Court enter a declaratory judgment against defendants, see Pl. Mot. at 1-2; Pl. Mem. at 21.

should not be granted, see Court's Scheduling Order (Aug. 2, 2021) at 1, DE #35, and plaintiff served defendants with copies of said order on August 3, 2021, see Affidavit of Service of the Court's 8/2/21 Order (Aug. 3, 2021), DE #36. Defendants nevertheless have failed to answer or otherwise respond.

**DISCUSSION**

I.     **Applicable Legal Standards**

A.     **Declaratory Judgment**

Plaintiff seeks declaratory relief against the three remaining defendants in this case. Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[A] court may exercise its discretion to issue a declaratory judgment, but only in cases where the party seeking the declaratory judgment can demonstrate the existence of an actual case or controversy." Gov't Emps. Ins. Co. v. Infinity Health Prods., Ltd., No. 10-CV-5611 (JG)(JMA), 2012 WL 1427796, at *4 (E.D.N.Y. Apr. 6, 2012), adopted, 2012 WL 1432213 (E.D.N.Y. Apr. 25, 2012). The controversy "must be 'real and substantial[,] . . . admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" Id. (quoting Olin Corp. v. Consol. Aluminum Corp., 5 F.3d 10, 17 (2d Cir. 1993)). "Declaratory relief is appropriate (i) where the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (ii) when it will terminate and afford relief from the uncertainty, insecurity and controversy

giving rise to the proceedings." Gov't Emps. Ins. Co. v. Jacques, 14 Civ. 5299 (KAM)

(VMS), 2017 WL 9487191, at *9 (E.D.N.Y. Feb. 13, 2017) (internal quotation marks and

citation omitted), adopted, 2017 WL 1214460 (E.D.N.Y. Mar. 31, 2017).

### B.    Default Judgment

After the Clerk of the Court enters a Certificate of Default, the District Court may, on

a plaintiff's application, enter a default judgment if a defendant "has failed to plead or

otherwise defend" an action.  Fed. R. Civ. P. 55(a)-(b); see also S.D.N.Y./E.D.N.Y. Local

Civ. R. 55.2(b).  A party's default admits all well-pleaded allegations in the complaint

pertaining to liability.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d

155, 158 (2d Cir. 1992).  Here, although properly served, defendants have not appeared, and

the Clerk of the Court has therefore entered a certificate of default against them.  See Entry of

Default.  Still, "[t]he issue remains . . . whether plaintiff's well-pleaded allegations in the

complaint, if accepted as true, establish liability for all the claims plaintiff[] raise[s] against

defendants."  Infinity Health Prods., 2012 WL 1427796, at *4.

In its motion for default judgment, plaintiff seeks a declaratory judgment from the

Court that it has no duty to defend or indemnify any party for claims arising from the injuries

that Romero sustained during the incident in question, as alleged in the Romero Action.  See

generally Pl. Mem.  "Courts have discretion to award declaratory relief in connection with a

default judgment motion."  Scottsdale Ins. Co., 2021 U.S. Dist. LEXIS 153193, at *15

(collecting cases); see also Empire Fire & Marine Ins. Co. v. Velasquez, 17-CV-2556 (CBA)

(ST), 2018 WL 4346716, at *2 (E.D.N.Y. Aug. 10, 2018) ("In addition to, or in lieu of,

damages and costs, courts are empowered to grant declaratory relief following default."),

adopted, 2018 WL 4344952 (E.D.N.Y. Sept. 11, 2018); Continental Ins. Co. v. Huff Enters. Inc., No. 07–cv–3821 (NGG), 2009 WL 3756630, at *3 (E.D.N.Y. Nov. 6, 2009) ("The court has found no authority excluding declaratory relief from the range of remedial options available to a court following default."); see also Century Sur. Co. v. Vas & Sons Corp., 17-CV-5392 (DLI), 2018 WL 6164724, at *9 (E.D.N.Y. Aug. 31, 2018) (recommending that the plaintiff's motion for default judgment be granted in part and that a declaratory judgment be entered that the plaintiff has no duty to defend or indemnify for any claims arising from the underlying action), adopted, 2018 WL 4804656 (E.D.N.Y. Sept. 30, 2018).  In order to obtain declaratory relief following default, plaintiff is required to show "that on the law it is entitled to the relief it requests, given the facts as established by the default."  Bimbo, 2018 WL 4691222, at *2 (internal quotation marks and citation omitted).  "Where 'the issues of liability and declaratory relief are intertwined[,]' default judgment for a plaintiff granting declaratory relief may be appropriate based on a contract's meaning if the contract is in the record."  Scottsdale Ins. Co., 2021 U.S. Dist. LEXIS 153193, at *17 (citations omitted).  "In determining damages, including declaratory relief, courts may evaluate the affidavits and documentary evidence submitted by the plaintiff or conduct an evidentiary hearing."  Id. at *18 (citing Fed. R. Civ. P. 55(b)(2); Finkel v. Romanowicz, 577 F.3d 79, 87 (2d Cir. 2009)).

## II.    Plaintiff's Request for Declaratory Judgment

Plaintiff seeks a declaration that it has no obligation to defend or indemnify any party in the Romero Action currently pending in New York state court. See Compl. *ad damnum* clause.  Plaintiff relies on several Policy exclusions and limitations, including the exclusion for bodily injury to employees, contractors, or employees of contractors, as well as exclusions for

liability arising out of the use of an automobile and for contractual liability. See Pl. Mem. at 9-20. For the reasons discussed below, plaintiff has made the requisite showing that, when Romero was injured, he was unloading a truck while working as an employee for Tirado, and that therefore the Court should grant plaintiff's motion for declaratory relief that it is not obligated to indemnify or defend any party in the Romero Action.[10]

### A. Interpretation of Insurance Contracts Under New York Law[11]

Under New York law, an insurer's duty to defend "is separate from and more expansive than the duty to indemnify." Commercial Union Assurance Co., PLC v. Oak Park Marina, Inc., 198 F.3d 55, 59 (2d Cir. 1999) (citations omitted). The duty to defend, while "exceedingly broad[,]" is not "without limits." Id. (internal quotation marks and citations omitted). "An insurer cannot be obliged to defend if there is no legal or factual allegation in the underlying complaint for which the insurer might eventually have to indemnify the insured." Id. (citations omitted); accord Northfield Ins. Co. v. Cibor Constr., Inc., No. 13-CV-3131 (NGG), 2015 WL 5560871, at *5 (E.D.N.Y. July 23, 2015), adopted, 2015 WL 5567067 (E.D.N.Y. Sept. 21, 2015).

"To negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable

---

[10] Having concluded, for the reasons discussed *infra*, that coverage is barred by each of the first two exclusions invoked by plaintiff, this Court does not address plaintiff's third argument concerning the exclusion for contractual liability; in the event the District Court concludes that coverage is not barred by either the first or second exclusion relied upon, this Court stands ready to address plaintiff's remaining argument.

[11] As the Court's subject matter jurisdiction is predicated on diversity of citizenship, the Court must apply the choice-of-law rules of the forum state; New York's choice-of-law rules apply New York substantive law to actions involving the determination of insurance coverage with respect to events that, as here, took place in New York. See U.S. Underwriters Ins. Co. v. Congregation Kollel Tisereth, Tzvi, Civil Action No. 99-CV-7398DGT, 2004 WL 2191051, at *4 (E.D.N.Y. Sept. 30, 2004) (collecting cases).

interpretation, and applies in the particular case." Continental Cas. Co. v. Rapid-American

Corp., 593 N.Y.S.2d 966, 972 (N.Y. 1993) (citations omitted); accord Sea Ins. Co. Ltd. v.

Westchester Fire Ins. Co., 51 F.3d 22, 26 (2d Cir. 1995); Mt. Vernon Fire Ins. Co. v.

William Monier Constr. Co., No. 95 CIV. 0645 (DC), 1996 WL 447747, at *3 (S.D.N.Y.

Aug. 7, 1996), aff'd, 112 F.3d 504 (2d Cir. 1997); see Commercial Union, 198 F.3d at 60.

Although the insurer's burden is heavy, "[i]t is not insurmountable, . . . and the duty to defend

should not be predicated upon a strained reading of the exclusion at issue." Commercial

Union, 198 F.3d at 60-61 (citation omitted).

### B.    Analysis of the Relevant Underlying Facts

#### 1. *Employee Injury Exclusion*

First and foremost, plaintiff invokes the Policy exclusion barring coverage for bodily

injury sustained by any of Tirado's employees, contractors, or contractor's employees,

referred to as the "Exclusion of Injury to Employees, Contractors and Employees of

Contractors" Endorsement (the "Employee Injury Exclusion"). See Pl. Mem. at 9-13. Under

the Employee Injury Exclusion, plaintiff's duty to indemnify or defend excludes "'[b]odily

injury' to any 'employee' of any insured arising out of or in the course of . . . [e]mployment

by any insured; or . . . [p]erforming duties related to the conduct of any insured's business[.]"

AEIC Policy (Exclusion 2.e, paragraph (1)), DE #33-11 at 56; see Compl. ¶ 20. The

Employee Injury Exclusion further excludes coverage for the following occurrences:

> (2) "Bodily injury" to any contractor or any "employee" of any contractor
> arising out of or in the course of the contractor or its employee performing
> services of any kind or nature whatsoever;

(3) Any alleged obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury" to an insured's employee or any contractor or any contractor's employee; [and]

(4) "Bodily injury" sustained by the spouse, child, parent, brother or sister of any "employee" of any insured, or of a contractor, or any "employee" of any contractor as a consequence of any injury to any person as set forth in paragraph (1) and (2) of this endorsement.

AEIC Policy, DE #33-11 at 56. "As used [t]herein[,] the definition of 'employee' includes a 'leased worker' and a 'temporary worker[.]'" Id. Moreover, "bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Id. at 19. Notably, the Employee Injury Exclusion applies "to all claims and suits by any person or organization for damages because of such 'bodily injury[,']' including damages for care and loss of services." Id. at 56.

As an initial matter, the Court finds that the language of this exclusion is unambiguous. "Indeed, New York courts have held that employee exclusionary clauses containing the same or similar language are plain and unambiguous[.]" Moleon v. Kreisler Borg Florman Gen. Constr. Co., Inc., 758 N.Y.S.2d 621, 623 (1st Dep't 2003); see also Maxum Indem. Co. v. VLK Constr., Inc., No. 14-CV-1616 (RRM) (LB), 2016 WL 4703654, at *4 (E.D.N.Y. Sept. 8, 2016) (finding plain and unambiguous insurance carrier's similar policy provision excluding coverage for bodily injury sustained by insured's employees in the course of their employment); Endurance Am. Specialty Ins. Co. v. Century Sur. Co., 630 F.App'x 6, 7-8 (2d Cir. 2015) (same).

Here, the record supports plaintiff's undisputed assertion that coverage is comprehensively barred under the Employee Injury Exclusion. Indeed, the pleadings and submissions in the Romero Action compel this conclusion. In their complaint filed against ICS

and Yeshivah in state court, Romero and Ochoa allege that Romero "was severely injured at the premises located at 1601 Avenue J, Brooklyn, New York 11230" and that, "at the time of th[is] accident in which [Romero] sustained his injuries, [Romero] was in the course of his employment with Tirado Iron Works and Fence Inc., a subcontractor, performing construction, renovation and/or demolition work at the premises." Romero Compl. ¶¶ 4-5, DE #33-7. Romero and Ochoa further specify that "[Romero], while in the course of his employment[,] was caused to fall from an elevated working platform on an iron truck." Id. ¶ 6. Similarly, in their responses to ICS and Yeshivah's Bill of Particulars, Romero and Ochoa consistently state that Romero sustained bodily injury on the date in question while carrying out his work-related responsibilities for Tirado. See, e.g., Romero BOP ¶ 17, DE #33-3 ("At the time of the subject occurrence . . . ABRAHAM ROMERO was employed by Tirado Insurance and Fence Inc."); id. ¶ 10 (stating that Romero "was lawfully upon the premises and performing work, labor, and/or services in the course of his employment"). "The only possible interpretation of these allegations is that the factual predicate for [the underlying] claim [for bodily injury] falls wholly within the employee exclusion[.]" Campoverde v. Fabian Builders, LLC, 922 N.Y.S.2d 435, 437 (2d Dep't 2011) (collecting cases); see also Howard & Norman Baker, Ltd. v Am. Safety Cas. Ins. Co., 904 N.Y.S.2d 770, 772 (2d Dep't 2010). Plaintiff should therefore be granted a declaratory judgment to that effect, against all remaining defendants.

   *2. Auto Exclusion*

Next, plaintiff argues that the "Aircraft, Auto or Watercraft" Exclusion (the "Auto Exclusion") independently serves to bar liability for Romero's injuries. See Pl. Mem. at 13-19. This Court agrees. In relevant part, the Auto Exclusion disclaims liability for bodily

injury "arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured." AEIC Policy, DE #33-11 at 10. Here, an "auto" is defined as a "land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or [a]ny other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged." Id. at 19. The "use" of an "auto" under this exclusion includes the "operation and 'loading and unloading'" of the vehicle, id. at 10, which the Policy further defines as the handling of property "[a]fter it is moved from the place where it is accepted for movement into or onto an . . . 'auto[,]'" "[w]hile it is in or on an . . . 'auto[,]'" or "[w]hile it is being moved from an . . . 'auto' to the place where it is finally delivered[,]" id. at 20.[12] Of the terms in the Auto Exclusion, "arising out of" is the sole term left undefined by the Policy. However, "[i]t is well settled under New York law that the term 'arising out of' is afforded a broader meaning in the context of general liability insurance than the term 'caused by,' and that 'a liability policy exclusion which excludes injuries arising out of the ownership, maintenance, or use of a motor vehicle' will extend to any injuries 'originating from, incident to, or having a connection with the use of the vehicle.'" U.S. Specialty Ins. Co. v. LeBeau, Inc., 847 F.Supp.2d 500, 506 (W.D.N.Y. 2012) (quoting Liberty Mutual Ins. Co. v. E.E. Cruz & Co., Inc., 475 F.Supp.2d 400, 409 (S.D.N.Y. 2007)); see also Country-Wide Ins. Co. v. Excelsior Ins. Co., 46 N.Y.S.3d 96,

---

[12] "To interpret 'loading and unloading' clauses in insurance contracts, New York law subscribes to the 'completed operations' doctrine." Striker Sheet Metal II Corp. v. Harleysville Ins. Co. of NY, 2:16-cv-05916 (ADS)(AYS), 2018 WL 654445, at *6 (E.D.N.Y. Jan. 31, 2018) (citation omitted). "This doctrine 'not only [covers] the immediate transference of the goods to or from the vehicle, but the 'complete operation' of transporting the goods between the vehicle and the place from or to which they are being delivered." Id. (collecting cases).

98–99 (1st Dep't 2017) ("[T]he focus of the inquiry 'is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained'" (internal quotation marks and citations omitted)).

Thus, New York state and federal courts have found automobile exclusions, similar to the one at issue here, to be unambiguous. See, e.g., Nautilus Ins. Co. v. 93 Lounge Inc., 14-CV-01029 (KAM)(ST), 2017 WL 1207528, at *7 (E.D.N.Y. Mar. 31, 2017) (finding that the "Aircraft, Auto or Watercraft" provision at issue "clearly and unambiguously exclude[d] coverage for any and all personal injuries 'arising out of [the use of] any … auto[mobile],' including use by third parties"); DMP Contracting Corp. v. Essex Ins. Co., 907 N.Y.S.2d 487, 489-90 (1st Dept. 2010) (finding that the "plain meaning" of a policy exclusion for "bodily injury . . . arising out of [the use of] any auto" is that the "bodily injury occurring as described is not covered, whether or not it is the insured who owned, maintained, used or entrusted to others the subject automobile" (citations omitted)); Striker Sheet Metal II Corp., 2018 WL 654445, at *6 (concluding that the policy exclusion barring liability for bodily injury "arising out of the ownership, maintenance or use or entrustment to others of any … 'auto' … owned or operated by … any insured," where "[u]se includes operation and 'loading and unloading[,]'" was "clear and unambiguous and allow[ed] no opportunity for construction as a question of fact").

Here, the pleadings support plaintiff's uncontested assertion that the injuries sustained by Romero arose from the use of an "automobile," specifically from unloading materials from Tirado's iron truck while working on the Project. See Compl. ¶ 13 ("In the Romero Action, the parties claim that the truck from which Romero fell while unloading construction material

was owned and/or operated by Tirado"). The complaint in the underlying state action alleges that Romero, while working for Tirado, fell "from an elevated working platform on an iron truck." Romero Compl. ¶ 6, DE #33-7. In addition, Romero's Bill of Particulars states that his "injury occurred outside the premises on the platform of an iron truck." Romero BOP ¶¶ 5, 6, DE #33-3. The claim notice and tender letters likewise corroborate Romero's assertions and confirm that Romero was in the process of unloading construction materials at the time of the incident. See 3/19/19 Letter, DE #33-7 at 52 ("Mr. Abraham Romero . . . was working at 1601 Avenue J, Brooklyn, NY 11230 for Tirado Iron Works & Fence Inc. . . . and fell from an elevated working platform on an iron truck"); Notice and Report at 1, DE #33-5 ("Abraham [R]omero was unloading a truck—lost balance and fell"); id. at 2 (incident report stating that a Tirado employee—later identified as Romero—was unloading materials from a truck when he lost his balance, fell, and hit his head). Thus, it is clear that Romero's injuries were sustained, at a minimum, in connection with his use of an automobile—i.e., unloading the iron truck as part of his employment with Tirado—and that this occurrence falls squarely within the scope of the Auto Exclusion. Plaintiff has therefore met its burden, at the default judgment stage, of demonstrating that it is entitled to the declaratory relief sought.

In sum, the Court concludes that, under either the Employee Injury Exclusion or the Auto Exclusion, the Policy precludes plaintiff's liability for the injuries sustained by Romero, as well as plaintiff's duty to defend any party seeking coverage under the Policy.

## CONCLUSION

For the foregoing reasons, it is the recommendation of this Court that plaintiff's motion for default judgment be granted. Specifically, the Court recommends that the District Court

enter a declaratory judgment against defendants that plaintiff has no obligation to defend or indemnify any party seeking coverage under the Policy as it relates to the claims asserted in the Romero Action.

Any objections to this Report and Recommendation must be filed with the Honorable Eric R. Komitee on or before November 8, 2021. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Clerk is respectfully requested to docket this Report and Recommendation into the ECF court file and to send copies to defendants at the following addresses:

Abraham Romero
93-35 Lamont Avenue, Apt. 5J
Elmhurst, NY 11373

Katherine Ochoa
93-35 Lamont Avenue, Apt. 5J
Elmhurst, NY 11373

Abraham Romero and Katherine Ochoa
c/o Zaremba Brownell & Brown
40 Wall Street, Floor 52
New York, NY 10005

Tirado Iron Works and Fence, Inc.
87-37 80th Street
Woodhaven, NY 11421

Tirado Iron Works and Fence, Inc.
1094 Flushing Avenue
Brooklyn, NY 11237

Tirado Iron Works and Fence, Inc.
c/o Gallo Vitucci Klar LLP
One Bridge Street, Suite 140
Irvington, NY 10533

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
        **October 20, 2021**

                              /s/ ***Roanne L. Mann***
                              **ROANNE L. MANN**
                              **UNITED STATES MAGISTRATE JUDGE**